TYLER v TYLER

Docket No. 326766. Submitted June 10, 2016, at Lansing. Decided June 30, 2016, at 9:15 a.m.

Johnnie J. Tyler, II, filed a complaint for divorce against Jamie L. Tyler in the Livingston Circuit Court. In his complaint, plaintiff stated that the parties had no minor children "from this current marriage." Defendant did not file an answer. Instead, defendant filed her own complaint for divorce. She stated that the parties had minor children from their previous marriage to each other. Plaintiff filed for a default judgment. The court, Theresa M. Brennan, J., granted plaintiff's motion for default. The court later set aside the default judgment and dismissed plaintiff's case without prejudice. Plaintiff appealed.

The Court of Appeals *held*:

MCR 3.206(5)(b) requires a party filing a complaint for divorce to state whether the parties have minor children or minor children born during the marriage. The language of the court rule clearly creates two categories of children to be identified in a complaint for divorce. First, a party filing for divorce must state whether either of the parties has minor children even if the children were not born of the marriage subject to the divorce. Second, a party filing for divorce must state whether the parties have any minor children born during the marriage. In his complaint, plaintiff did not—as required by MCR 3.206(5)(b)— acknowledge the parties' minor children from their first marriage to each other. Therefore, the trial court had the authority under MCR 2.504(B)(1) to set aside its default judgment in plaintiff's favor and dismiss plaintiff's complaint.

Affirmed.

FAMILY LAW — DIVORCE — MINOR CHILDREN — BORN TO PARTIES IN ANOTHER MARRIAGE.

A party filing for divorce must declare whether either party to the divorce has minor children even though the minor children may not have been born during the marriage that is the subject of the divorce.

*Neal D. Nielsen* for plaintiff.

*Gentry Nalley, PLLC* (by *Kevin S. Gentry* and *Heather KS Nalley*), for defendant.

Before: MARKEY, P.J., and OWENS and BOONSTRA, JJ.

PER CURIAM. Plaintiff appeals by right the trial court's order dismissing without prejudice his complaint for divorce. We affirm.

In his complaint for divorce, plaintiff alleged that the parties were married in April 2014 and that there were no minor children "from this current marriage." Plaintiff acknowledged that an action involving these parties had been previously filed in the court, but indicated that the previous action was no longer pending. There is no information in the record before us regarding what this previous action entailed, but plaintiff contends on appeal that the parties had been previously married to each other (from 2005 to 2010), that the parties had children together as a product of the first marriage, and that the previous action was a divorce proceeding.

Defendant never filed a response to the complaint; however, according to the trial court, she separately filed a complaint for divorce, alleging that there were minor children. Plaintiff subsequently filed a request for a default and an accompanying affidavit, and a default was entered. Thereafter, the trial court sua sponte set aside the default and dismissed the case. The entirety of the court's dismissal order reads as follows:

> This case was filed February 25, 2015. It came to the attention of the Court that there are minor children although the complaint alleges there are not. The defendant, Jamie Tyler, subsequently filed a complaint for

divorce properly alleging that there are minor children on March 4, 2015. The plaintiff filed a default in this case on March 26, 2015.

IT IS ORDERED that the default is set aside and this case is dismissed without prejudice.

Plaintiff claims that the trial court improperly dismissed his divorce action because he was under no obligation to state in his complaint that there were minor children from the parties' first marriage. "A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006).

An examination of the applicable court rule reveals the error of plaintiff's argument. MCR 3.206(A) states:

(5) In an action for divorce, separate maintenance, annulment of marriage, or affirmation of marriage, regardless of the contentions of the parties with respect to the existence or validity of the marriage, the complaint also must state

* * *

(b) whether there are minor children of the parties or minor children born during the marriage . . . .

The two categories—"minor children of the parties" and "minor children born during the marriage"—are separated by the disjunctive "or" and establish overlapping but not coextensive domains. The rule clearly includes children that do not fall into the category of "minor children born during the marriage," such as

children of the parties born before the marriage and children adopted by the parties.

The trial court has express authority to dismiss a complaint. MCR 2.504(B)(1) provides, "If a party fails to comply with [the court] rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." Because plaintiff failed to comply with the court rule, the trial court properly dismissed his complaint.

We affirm.

MARKEY, P.J., and OWENS and BOONSTRA, JJ., concurred.